UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STACY PASSEY,

       Petitioner,                                           Civil No. 05-333-HA

   v.

CHARLES A. DANIELS,                    O R D E R

       Respondent.

HAGGERTY, Chief Judge:

       Petitioner was convicted of Bank Embezzlement in violation of 18 U.S.C. § 656 and on April 9, 2004, was sentenced to twenty-four months imprisonment, followed by a five-year term of supervised release. He subsequently filed a petition under 28 U.S.C. § 2241, a statute which provides relief to prisoners who can demonstrate that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner sought an Order from this court requiring the Federal Bureau of Prisons (BOP) to (1) re-calculate petitioner's Good Conduct Time (GCT) credits, and (2) make an earlier placement of petitioner into a Community Confinement Center (commonly referred to as a halfway house) than the BOP's calculations determined.

Specifically, petitioner challenged the BOP's interpretation of the maximum GCT that a federal prisoner can receive under 18 U.S.C. § 3624(b), and the BOP's calculation that petitioner would become eligible for release on February 7, 2006 (with his eligibility for placement into a halfway house determined by that release date). Petitioner subsequently requested that consideration of his argument regarding GCT calculations be held in abeyance until the United States Court of Appeals for the Ninth Circuit was given an opportunity to address decisions involving similar arguments that have issued in this court. The Ninth Circuit has done so and has provided precedential authority on this issue to which this court is bound. *See, e.g., Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005) (rejecting arguments similar to petitioner's).

In *Mujahid*, the Ninth Circuit relied upon prior decisions that "established that the phrase 'term of imprisonment' in 18 U.S.C. § 3624(b)(1) is ambiguous, that the BOP's interpretation was reasonable, and is thus entitled to deference." *Id*. at 999 (citations omitted). Accordingly, under controlling Ninth Circuit law, petitioner's challenge to his GCT calculations must fail.

To the extent that petitioner intended to assert a separate challenge seeking an Order to compel his immediate placement into a Community Confinement Center, this court concludes that petitioner failed to present any authority or basis for such an Order. Moreover, even if

such a request for an Order requiring immediate placement were proper and appropriate (instead of improper and inappropriate, as it is in this court's view), the request for this relief is now moot. It is undisputed that petitioner was recommended for placement in a Community Confinement Center and that this placement was made. *See* Declaration of Karen Angus, Unit Manager of F.C.I. Sheridan Camp [20], docketed January 5, 2006.

CONCLUSION

For the reasons provided, Respondents' Motion to Dismiss [19] is granted. Petitioner's action brought under 28 U.S.C. § 2241 [1] is denied.

IT IS SO ORDERED.

DATED this _13___ day of February, 2006.

                                                            /s/Ancer L.Haggerty
                                                              Ancer L. Haggerty
                                           United States District Judge